UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
INTERNATIONAL EQUITY INVESTMENTS, INC., et ano.,

                        Plaintiffs,

          -against-                              05 Civ. 9365 (LAK)

CARLA CICO,

                        Defendant.
-------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        The defendant in this case is the former chief executive officer of Brasil Telecom, S.A. ("BT"). She was installed in that position by Daniel Valente Dantas, who controlled BT through holding companies that he controlled by virtue of his positions as the general partner of an investment fund owned by Citigroup and as manager of an investment vehicle of some Brazilain pension funds. She ultimately was ousted after Dantas was ousted by Citigroup and, subject to the outcome of pending litigation in Brazil, by the pension funds as well.

        This case is closely related to *International Equity Investments, Inc. v. Opportunity Equity Partners, Ltd.*, an action in this Court by Citigroup companies against Dantas and affiliates for, *inter alia,* breach of fiduciary duty.[1] The Court assumes familiarity with the several opinions

---

[1] Dantas and his company both consented to jurisdiction and venue in this Court.

and orders issued in that case.[2] This gravamen of this action against Cico is a claim that she aided and abetted Dantas and his affiliates in breaching fiduciary duties to the Citigroup interests.

*Analysis*

Cico is a citizen and domiciliary of Italy and a resident of Brazil.[3] Although she does not contest the Court's exercise of jurisdiction over her person, she contends that the action should be dismissed in favor of litigation in Brazil pursuant to the doctrine of *forum non conveniens*. Assuming that an adequate alternative forum exists, the analysis proceeds as follows:

> "An evaluation of a motion to dismiss on the grounds of *forum non conveniens* proceeds in several stages. As comprehensively explained in *Iragorri v. United Technologies Corp.*, 274 F.3d 65 (2d Cir.2001) (en banc), the 'first level of inquiry' pertains to 'determining whether the plaintiff's choice [of forum] is entitled to more or less deference.' *Id.* at 73. A determination of what degree of deference is owed a plaintiff's choice of forum does not dispose of a *forum non conveniens* motion, however, because even after determining what deference to accord the plaintiff's choice, a district court still must conduct the analysis set out in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). *See Iragorri*, 274 F.3d at 73. Thus, the next level of inquiry requires a court under *Gilbert* to determine whether an adequate alternative forum exists. When such is the case the court must go to the third step and balance factors of private and public interest to decide, based on weighing the relative hardships involved, whether the case should be adjudicated in the plaintiff's chosen forum or in the alternative forum suggested by the defendant."[4]

---

[2] *E.g., Int'l Equity Investments, Inc. v. Opportunity Equity Partners, Ltd.*, 411 F. Supp.2d 258 (S.D.N.Y. 2006) (denying motion to dismiss for lack of jurisdiction); *id.* 407 F. Supp.2d 483 (S.D.N.Y. 2005) (*"IEII I"*) (granting preliminary injunction).

[3] She claimed in papers filed in a Brazilian court on February 1, 2006 to be a Brazilian resident but "presently" to have been domiciled in Verona, Italy. Boccuzzi Decl. (docket item 29), Ex. C. In this Court, she acknowledges having "a family home" in Verona while claiming Brazilian residence. Cico Second Decl. (docket item 31, att. #1) ¶ 1.

[4] *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003).

A.   *Plaintiffs' Choice of Forum*

Plaintiff IEII, a corporation incorporated under the laws of and having its principal place of business in the State of Delaware, is a wholly owned subsidiary of Citibank, which has its principal place of business in New York. It is and at all relevant times was the sole limited partner of the Citigroup Venture Capital International Brazil L.P. (the "Fund"), a private equity fund registered as a Cayman Islands Exempted Limited Partnership. Plaintiff CVC Venture Capital International Brazil, LLC ("CVC Brazil"), a subsidiary of IEII and since March 2005 the sole general partner of the Fund, is a Delaware limited liability company with its principal place of business in New York.[5] Thus, plaintiffs for all practical purposes have brought this action in the district in which they are headquartered. Their choice of forum is entitled to substantial weight. Further, the Court assumes that Brazil provides an adequate alternative forum. Defendant's motion therefore turns on the question whether the private and public interest factors outweigh the deference commanded by plaintiffs' choice of forum to warrant litigation in Brazil.

B.   *Public Interest Factors*

As laid out in *Gulf Oil Corp. v. Gilbert*,[6] the public interest factors are as follows:

"Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead

---

[5] The provision of the LPA that the defendant relies upon to assert that CVC Brazil does not maintain an office in the United States is no longer in force. *See* Instrument of Amendment dated Mar. 22, 2005 (Ex. A); Removal Notice sent by IEII to Opportunity dated Mar. 9, 2005 (Ex. B at Annex A, items 5-8).

[6] 330 U.S. 501 (1947).

> of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."[7]

The critical issues thus pertain to the appropriateness of this action being tried in a U.S. court.

In this case, the public interest factors cut in different directions. Favoring defendant are the facts that the claims against both Dantas and Cico arise in relation to Citigroup's investment in BT, a Brazilian company, and that many of the underlying events occurred there. On the other hand, Citigroup is based here, and the actions of Dantas and Cico allegedly breached duties in relation to its investment of more than $700 million, causing damage to the largest bank in the United States and its doubtlessly predominantly U.S. stockholders. Even more important, the heart of the controversy – the dispute between the Dantas and Citigroup interests – is being and will continue to be litigated in this Court by virtue of the parties' submission to jurisdiction here.

Cico seeks to make much of the fact that this Court would have to apply foreign law, which can cut against retention of a case. But the argument is not terribly persuasive here. While there may be some questions governed by Brazilian law, a matter the Court need not now decide, the predominant foreign law at issue will be that of the Cayman Islands, the jurisdiction in which the Fund is organized. Thus, the forum of choice of either side would have to apply Caymans law, which tends to diminish the significance of that factor. Moreover, as the Cayman Islands is a British

---

[7] *Id.* at 508-09.

overseas territory and therefore a common law jurisdiction, this Court would have an advantage over a Brazilian court in applying Caymans law.

In sum, then, the public interest factors tend to balance out in plaintiffs' favor, principally due to the fact that the Dantas litigation, to which this case is intimately related, will be resolved in this Court in any event. It is difficult to see how the public interest would be served by carving off plaintiffs' case against Cico, which turns on events that will be litigated in the Dantas action anyway, and sending it to Brazil.

C.   *Private Interest Factors*

The private interest factors include:

> "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of a view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."[8]

As plaintiffs and defendant reside in different countries, any forum will be inconvenient for someone. So the private interest factors turn on which forum more conveniently can dispose of the litigation.

The witnesses in this case fall into four groups: Citigroup, Dantas and his affiliates (including defendant), BT personnel, and Telecom Italia. So far as the record discloses, the Citigroup witnesses are in New York or, at any rate, in the United States. The Dantas and BT witnesses are in Brazil, although Dantas and Opportunity are actively litigating in this Court to the jurisdiction of which they have consented. The Telecom Italia witnesses are in Italy. Neither this

---

[8] *Gulf Oil Corp.*, 330 U.S. at 508.

Court nor the Brazilian courts have process that can reach everyone.

The United States and Italy, but not Brazil, are parties to the Hague Convention on the Taking of Evidence Abroad, March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444. This Court therefore would have a substantial advantage over the courts of Brazil in obtaining evidence from Italian witnesses. On the other hand, it seems reasonably clear that a Brazilian court would have a far easier time obtaining evidence from the United States under 28 U.S.C. § 1732 than this Court would have in obtaining evidence from Brazil.[9]

Taking together all of these factors, as well as the other considerations advanced in the parties' submissions, the private interest factors do not cut strongly in defendant's favor.

## *Conclusion*

In sum, plaintiffs' choice of forum is entitled to significant deference. The public interest factors tend to favor plaintiffs and certainly do not favor defendant. The private interest factors do not cut strongly in any direction. Accordingly, assuming *arguendo* that Brazil is an available alternative forum, defendant's motion to dismiss on the ground of *forum non conveniens* nevertheless is denied.

SO ORDERED.

Dated: April 2006

Lewis A. Kaplan
United States District Judge

---

[9] *See* Rosenn Decl. ¶¶ 44-57.